

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# State Farm Mutl Auto v. Vollrath

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"State Farm Mutl Auto v. Vollrath" (2005). *2005 Decisions.* Paper 1126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2937
_____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

v.

P. DANIEL VOLLRATH, Individually and as
Executor of the Estate of Virginia Vollrath, Deceased

MOUNTAIN LAUREL ASSURANCE (Intervenor in D.C.)

Mountain Laurel Assurance,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-01257)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed: May 26, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Mountain Laurel Assurance Company ("Mountain Laurel") appeals from the District Court's judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in an action filed by State Farm against P. Daniel Vollrath seeking a declaratory judgment that Mr. Vollrath was only entitled to uninsured or underinsured motorist coverage ("UM/UIM coverage") in the amount of $15,000 per person and $30,000 per accident under his State Farm-issued automobile policy ("Policy"). Mountain Laurel, the insurance carrier for Mr. Vollrath's motor home, provides UM/UIM coverage to Mr. Vollrath on an excess basis, after State Farm's UM/UIM limits are exhausted, and due to its potential obligation, participated in the trial below as a defendant-intervenor. Mountain Laurel is the sole appellant in this matter. We affirm the District Court's judgment in favor of State Farm.

## I. Standard of Review and Governing Law

This Court exercises plenary review over the District Court's prediction of Pennsylvania law. *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (citing *Companie des Bauxites de Guinee v. Ins. Co. of N. Am.*, 724 F.2d 369, 371-72 (3d Cir. 1983)). "In predicting how the highest court of the state would resolve the issue, we must consider 'relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" *Id.* (quoting *McKenna v. Ortho Pharm. Corp.*,

2

622 F.2d 657, 663 (3d Cir. 1980)). We also review the District Court's factual findings

for clear error. *Tudor Dev. Group, Inc. v. United States Fid. & Guar. Co.*, 968 F.2d 357,

359 (3d Cir. 1992).

Under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"),

insurance companies must provide UM/UIM coverage in amounts equal to bodily injury

liability coverage except where the named insured requests in writing coverage in

amounts less than the limits of liability for bodily injury. *See* 75 PA. CONS. STAT. ANN.

§§ 1731 and 1734 (1996) (effective Oct. 1, 1984). To that end, the MVFRL provides that

"[i]t shall be presumed that the insured has been advised of the benefits and limits

available under this chapter provided the following notice . . . is given to the applicant at

the time of application for original coverage or at the time of the first renewal after

October 1, 1984 . . . ." 75 PA. CONS. STAT. ANN. § 1791 (1996) (effective Oct. 1, 1984).

Section 1791 additionally provides the precise language to be included in this notice:

> Insurance companies operating in the Commonwealth of Pennsylvania are
> required by law to make available for purchase the following benefits for
> you, your spouse or other relatives or minors in your custody or in the
> custody of your relatives, residing in your household, occupants of your
> motor vehicle or persons struck by your motor vehicle:
>
> . . . .
>
> (6) Uninsured, underinsured and bodily injury coverage up to at least
> $100,000 because of injury to one person in any one accident and up to at
> least $300,000 because of injury to two or more persons in any one accident
> . . . . [A]n insured may elect to purchase lower benefit levels than those
> enumerated above. Your signature on this notice or your payment of any
> renewal premiums evidences your actual knowledge and understanding of

3

the availability of these benefits and limits as well as the benefits and limits you have selected.

*Id.*

Thus, in order to show that an insured validly reduced UM/UIM benefits, an insurance company must show that: (i) the insured had notice of his rights under the MVFRL; and (ii) the insured voluntarily requested in writing that the limits of his UM/UIM coverage be lowered. *Jiongo v. Nationwide Ins. Co.*, 1998 WL 381706, at *6 (E.D. Pa. July 8, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1999); *Dang v. State Farm Mut. Auto. Ins. Co.*, 1996 WL 421942, * at 3 (E.D. Pa. July 19, 1996), *aff'd*, 111 F.3d 126 (3d Cir. 1997); *see also Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 232-33 (3d Cir. 1992) (finding actual knowledge of rights under MVFRL insufficient without written waiver). Notice is presumptively established where the insured signs the notice provided by the insurer pursuant to § 1791. *See Shipe v. Allstate Ins. Co.*, 791 F. Supp. 109, 111 (M.D. Pa. 1992) ("An insurer's signature on the notice establishes a conclusive presumption that he has actual knowledge of the coverage available to him under the MVFRL."); *Prudential Prop. & Cas. Ins. Co. v. Pendleton*, 858 F.2d 930, 936 (3d Cir. 1988) ("[W]e find the presumption of waiver to be a conclusive presumption once it is proven that the insured voluntarily signed the waiver."). In the absence of a signed notice, the insurer bears the burden of proving that the insured knowingly and intelligently waived in writing the coverage available under the MVFRL. *Shipe*, 791 F. Supp. at 111.

4

## II. Discussion

The factual background of this action, which is lengthy and complicated, was thoroughly discussed by the District Court and is known to the parties. Accordingly, we will focus in this opinion on the rationale for our decision.

The sole issue in this case is whether Mr. Vollrath validly waived his right to UM/UIM coverage equal to his bodily injury coverage. The District Court concluded that Mr. Vollrath validly waived this statutory right, because he had notice as to the limits and coverage available to him and he requested in writing that his UM/UIM coverage be lowered. This Court agrees.

First, Mr. Vollrath received notice of his rights relating to coverage and limits under the MVFRL. In December 1984, State Farm mailed a "Premium Notice" to Mr. Vollrath, which noted the change in law requiring it to make available UM/UIM coverage in amounts equal to bodily injury coverage and Mr. Vollrath's option to purchase lower coverage consistent with his previous limits of $15,000 per person and $30,000 per accident. In addition, the Premium Notice included an insert, which contained the "Important Notice" required under § 1791, and an explanatory booklet advising Mr. Vollrath of his rights to have UM/UIM limits equal to his bodily injury limits under the MVFRL. Mr. Vollrath denies receiving these materials, however, the District Court found his testimony "unpersuasive and unconvincing." Moreover, State Farm need not produce the actual signed § 1791 form to prove that one was sent to Mr. Vollrath, but

5

must only show that it has a general procedure for mailings and that he would have been on the mailing list for such forms. *Clifford v. Prudential Prop. & Cas. Ins. Co.*, 2001 WL 1076582, at *4 (M.D. Pa. Aug. 28, 2001). The District Court found State Farm's testimony regarding its mailing procedures in place in 1984, which ensured that its Pennsylvania policy holders received this mailing, to be "persuasive and compelling." Accordingly, because compliance with § 1791 establishes a conclusive presumption that the insured had actual notice of the coverage available to him under the MVFRL, the notice requirement for waiver of the higher UM/UIM benefits is satisfied.

Mr. Vollrath also requested in writing lower coverage limits of $15,000 per person and $30,000 per accident, satisfying the second requirement of a valid waiver. First, Mr. Vollrath continued to pay his premiums by check on a semi-annual basis from February 7, 1985 until January 3, 2002, in an amount consistent with the $15,000 per person and $30,000 per accident coverage level. *See Buffetta*, 230 F.3d at 639-41 (concluding that payment of lower premium amounts every six months for three years before accident demonstrated knowledge and acquiescence in selection of lower coverage); *State Farm Mut. Auto. Ins. Co. v. Gillespie*, 342 F. Supp. 2d 317, 322-23 (E.D. Pa. 2004) (finding payment of reduced premiums for nearly sixteen years sufficient to show he "elect[ed] in writing the lower limits of UIM coverage"). Additionally, Mr. Vollrath signed a "Notice to Named Insureds" on June 8, 1990, stating that he "wanted to retain [his] current stacking underinsured Motor Vehicle Coverage W with limits of $15,000/$30,000 at a

6

premium of $13." *See Breuninger v. Pennland Ins. Co.*, 675 A.2d 353, 357 (Pa. Super. Ct. 1996) (finding coverage selection form signed by insured sufficient to satisfy writing requirement).

Because Mr. Vollrath received notice of his rights under the MVFRL and elected for lower coverage levels in writing, this Court finds that he validly waived his right to UM/UIM coverage equal to his bodily injury coverage. For these reasons, we will affirm the District Court's judgment in favor of State Farm.